## Northwest Pennsylvania Bank & Trust Company
## v. Jamieson

*James A. Stranahan,* for plaintiff.

*P. Raymond Bartholomew, Martin F. Cusick,* and *Kachulis, Copetas, Adams & Hillen,* for defendants.

ACKER, J., August 7, 1972.—By preliminary objection defendant, William L. Jamieson, only, moves for a more specific complaint in a mortgage foreclosure action.

Although it is acknowledged that the complaint avers that on the Twenty-sixth day of January, 1972, defendants became in default in the amount of

$16,467.66 with interest at the rate of 5½ percent since May 8, 1972, or $410.07 with an attorney's commission of $823.38 making a total amount due of $17,701.11, defendant contends that the mortgage instrument itself recites that the entire balance is due at the end of 10 years from September 20, 1963. Therefore, it is claimed that the specific amount of delinquency that was due on the Twenty-sixth day of January, 1972, was not alleged.

Interestingly, defendant in his brief attacks the complaint on an entirely different ground arising from an answer to which a reply was filed by plaintiff as to defendants, John L. Jamieson and Donna E. Jamieson. Now it is contended that plaintiff admits the receipt of fire insurance proceeds of $17,000, but that plaintiff apparently did not apply all of it to the real estate in that it was for both contents and real property. Therefore, defendant is claiming that plaintiff should set forth the exact division or itemization of the manner in which the moneys were applied. Further, defendant disputes the authority of plaintiff to divide the fire insurance proceeds. Likewise, defendant requests that plaintiff be directed to set forth an itemized statement of the activities in the mortgage account from and after the date of division.

The complaint and mortgage foreclosure was filed on May 9, 1972. Defendant, William L. Jamieson's, preliminary objection was filed on May 24, 1972. The other two defendants elected, however, to file an answer and new matter on May 26, 1972, which was followed by a reply to new matter as to John L. Jamieson and Donna E. Jamieson by the Northwest Pennsylvania Bank and Trust Company on June 12, 1972.

Defendant, William L. Jamieson, electing to proceed by a preliminary objection, cannot now rely

upon facts disclosed by subsequent pleadings as to other parties and abandoned the initial and only grounds alleged in his preliminary objection.

One reason for defendant's change of position may be that plaintiff did comply with the requirements of Pennsylvania Rule of Civil Procedure 1147. By that rule a specific averment of default is required as well as an itemized statement of the amount due and a demand for judgment for the amount actually due. This plaintiff accomplished but defendant, William L. Jamieson, desires to challenge plaintiff in suing for the principal sum owing with interest and attorney's commission. The mortgage and bond are not attached to the complaint. In order to make a determination of the issue raised by the preliminary objection it would be necessary to go beyond the record which, of course, cannot be done in a preliminary objection. That issue is one of law to be properly pleaded and subsequently determined if in fact it is an issue. Nor can defendant, William L. Jamieson, change his position by brief and argument to set forth matters which subsequently have appeared upon the record only as to the other two named defendants. The disposition of the fire insurance policy will be a matter for determination at an appropriate time if properly raised, but not upon a motion for more specific complaint.

Wherefore, the motion for more specific complaint is denied.

## ORDER

And now, on this August 7, 1972, defendant's motion for a more specific complaint is denied.